# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                   **Criminal Action No. 3:08-CR-77-01**
                                                                      Judge Bailey

**BARTON JOSEPH ADAMS,**

    Defendant.

## ORDER

On this day, the above-styled matter came before the Court for consideration of the following *pro se* motions filed by defendant Barton Joseph Adams: Motion for a Pretrial Adversarial Probable Cause Hearing on the Issue of Forfeitability [Doc. 985]; Motion to Dismiss the Indictment for Statutory and/or Constitutional Speedy Trial Violation [Doc. 1002]; Motion to Set Aside Civil Contempt under Recalcitrant Witness Laws [Doc. 1004]; Motion to Set Aside Civil Contempt Because the Defendant was Declared Incompetent on June 17, 2011 [Doc. 1006]; Motion to Purge the Civil Contempt of an Incompetent Patient [Doc. 1009].

A defendant has a Sixth Amendment right to be represented by an attorney, but a defendant has no right to act as co-counsel as defendant Adams has attempted to do in filing these *pro se* motions. **United States v. Tarantino**, 846 F.2d 1384, 1420 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 867 (1988). It is within the sound discretion of this Court to allow a defendant to assume some of his lawyer's functions, that is, to engage in "hybrid

representation." See **United States v. LaChance**, 817 F.2d 1491, 1498 (11th Cir. 1987), *cert. denied*, 484 U.S. 928 (1987) (citing **United States v. Mills,** 704 F.2d 1553, 1557 (11th Cir. 1983) and **United States v. Daniels**, 572 F.2d 535, 540 (5th Cir. 1978)).  Hybrid representation, however, should be permitted only where a defendant has made a showing of some special need to act as co-counsel.  **United States v. West**, 877 F.2d 281, 293 (4th Cir. 1989), *cert. denied*, 493 U.S. 959 (1989).

Having reviewed these motions, this Court finds that the defendant has not made a sufficient showing of necessity for this Court to allow defendant to act as co-counsel to his appointed counsel in this matter.  Accordingly, the following motions filed as *pro se* motions by the defendant are hereby **DENIED**:  Motion for a Pretrial Adversarial Probable Cause Hearing on the Issue of Forfeitability **[Doc. 985]**; Motion to Dismiss the Indictment for Statutory and/or Constitutional Speedy Trial Violation **[Doc. 1002]**; Motion to Set Aside Civil Contempt under Recalcitrant Witness Laws **[Doc. 1004]**; Motion to Set Aside Civil Contempt Because the Defendant was Declared Incompetent on June 17, 2011 **[Doc. 1006]**; Motion to Purge the Civil Contempt of an Incompetent Patient **[Doc. 1009]**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to counsel for the defendant and mail a copy to the defendant acting as a *pro se* defendant.

**DATED:**  June 18, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE