**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                 **Criminal Action No. 3:08-CR-77-01**
                                                                                       Judge Bailey

**BARTON JOSEPH ADAMS,**

    Defendant.

## ORDER

On this day, the above-styled matter came before the Court for consideration of the defendant's Motion to Vacate or to Amend Civil Contempt Order [Doc. 1031], filed on June 22, 2012. In support of the motion, counsel for defendant Barton Adams argues that the civil contempt sanction "no longer effectively serves the purpose of coercion and is punitive in nature in violation of due process of law" [*Id.* at 6]. On June 26, 2012, the Government filed a response in opposition [Doc. 1040] thereto. In its response, the Government argues that "the defendant has not met his burden of proving [that] the contempt order has lost its coercive effect" [*Id.* at 1]. For the reasons that follow, this Court agrees.

Defendant Barton Adams argues that the passage of time since his incarceration on February 4, 2009, indicates that this Court's civil contempt order has lost its coercive impact [Doc. 1031, relying on ***Commodity Futures Trading Comm'n v. Wellington Precious Metals***, 950 F.2d 1525, 1531-32 (11th Cir. 1992); ***United States ex rel. Thom v. Jenkins***, 760 F.2d 736, 740 (7th Cir. 1985); ***Commodity Futures Trading Comm'n v.***

1

*Armstrong*, 269 F.3d 109 (2d Cir. 2001); *Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170 (2d Cir. 1998); *Simkin v. United States*, 715 F.2d 34 (2d Cir.1983)]. The burden is on the contemnor to demonstrate that the civil contempt order has lost its coercive effect. *Simkin*, 715 F.2d at 37. If, after review of the relevant circumstances, the court determines that "the [civil] contempt power has ceased to have a coercive effect, the civil contempt remedy should be ended." *Id.* However, "[a]s long as the judge is satisfied that the coercive sanction might yet produce its intended result, the confinement may continue." *Id.*

This Court finds that the civil contempt order has not lost its coercive impact. The defendant focuses on the length of time that he has been incarcerated; however, during a significant portion of this period of time, there have been a number of concerns raised regarding the competency of defendant Barton Adams. On December 28, 2009, this Court entered an Order Granting Defendant's Motion to Determine Defendant's Competency and Request for Evaluation [Doc. 332]. During this first evaluation, the defendant was diagnosed with malingering [Doc. 856 at 17].

On March 2, 2011, upon the request of counsel for the defendant, this Court entered an Order Granting Defendant's [Second] Motion to Determine Defendant's Competency and Request for Evaluation [Doc. 748], permitting another psychiatric evaluation [*Id.* at 1]. On June 17, 2011, based upon the evaluator's report, this Court found by a preponderance of the evidence that the defendant was "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his

2

defense" [*See* Doc. 881 at 3, quoting 18 U.S.C. § 4241(d)]. This Court then ordered that the defendant be submitted for treatment and to determine whether "there is a substantial probability that [the defendant] will attain the capacity to permit the proceedings to go forward." [*Id.* at 4].

On June 11, 2012, based upon the reports submitted by the evaluating psychologist and psychiatrist from all three evaluations, this Court determined that defendant Barton Adams had been restored to competency [Doc. 1025]. Given the recurring questions regarding the defendant's competency during his incarceration, this Court does not find that the length of time of defendant's incarceration is the proper gauge of the coerciveness of this Court's civil contempt order. Furthermore, this Court notes that the defendant was restored to competency merely five weeks ago. Accordingly, this Court is "satisfied that the coercive sanction might yet produce its intended result . . .." See **Simkin**, 715 F.2d at 37.

III. Conclusion

For the foregoing reasons, this Court hereby **DENIES** the Motion to Vacate or to Amend Civil Contempt order **[Doc. 1031]**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

**DATED:** July 19, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

3